# In the United States Court of Federal Claims

No. 23-1309
(Filed:  16 August 2023)
NOT FOR PUBLICATION

```
*************************************
JORY LEE JUDD,                        *
                                      *
              Plaintiff,              *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
                                      *
*************************************
```

## ORDER

**HOLTE, Judge.**

On 15 August 2023, *pro se* plaintiff Jory Lee Judd filed his complaint in this case.  *See* Compl., ECF No. 1.  In conjunction with his complaint, plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP").  IFP Application, ECF No. 2.

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."  A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  An affidavit demonstrating plaintiff is unable to pay the fee or provide security and "still be able to provide himself and dependents 'with the necessities of life'" is sufficient.  *Id.*; *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (stating the proper inquiry when considering an application to proceed *in forma pauperis* is whether "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute" (quoting *Fiebelkron v. United States*, 77 Fed. Cl. 59, 62 (2007))).

The Court of Federal Claims provides a form application to proceed *in forma pauperis* with questions to assist the Court in determining whether plaintiff should proceed *in forma pauperis*.  While plaintiff utilized the Court of Federal Claims form, plaintiff did not complete the form; specifically, plaintiff did not answer question 2(b) on the second page of the form, rendering the IFP incomplete.  *See* IFP Application.  Without a complete IFP form, the Court is unable to fully discern plaintiff's financial status.

- 2 -

Accordingly, the Court **DENIES** plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, and **DIRECTS** plaintiff to file a completed Court IFP application form **within 30 days**.  If plaintiff does not complete the IFP application, plaintiff **SHALL** pay the Court's $402.00 filing fee.  If plaintiff fails to either file a complete IFP application or pay the required fee, this action shall be dismissed without prejudice for failure to comply with a court order under Rule 41(b) of the Rules of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge